UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MANUEL GLARIA-RAMIREZ,<br><br>Petitioner,<br><br>v.<br><br>MICHAEL BABCOCK,<br><br>Respondents. | No. 2:14-cv-00648 AC P<br><br><br><br>ORDER |

Petitioner, a federal inmate proceeding pro se, has filed a petition purportedly pursuant to 28 U.S.C. § 2241 together with a request to proceed in forma pauperis. On March 19, 2014, petitioner filed his consent to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings. ECF No. 5.

Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford the costs of suit. Accordingly, the request for leave to proceed in forma pauperis is granted. See 28 U.S.C. § 1915(a).

Petitioner challenges his 2012 conviction following his guilty plea in the District of Wyoming for various drug-related offenses. In his only claim for relief, petitioner contends that the sentencing court erred in entering judgment on a 21 U.S.C. § 846 guilty plea because there was no factual basis for the conspiracy offense. ECF No. 1 at 3.

////

1

I.      Jurisdiction

Petitioner has filed the present habeas corpus application in the district of his confinement even though he is challenging his conviction entered by the District of Wyoming. Thus, as an initial matter, this court must determine whether jurisdiction lies in the district of conviction or in the district of petitioner's confinement.

Generally, a motion pursuant to § 2255 is the appropriate vehicle by which to challenge a conviction. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988), (citing 28 U.S.C. § 2255); see also Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000), ("[i]n general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention") (citing United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) ("holding that, in general, '[a] federal prisoner authorized to seek relief under section 2255 may not petition for habeas corpus relief pursuant to section 2241"). Importantly, the remedies pursuant to § 2255 are not inadequate simply because the claim would be dismissed under § 2255 for procedural reasons. Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999), cert. denied, 528 U.S. 1178 (2000).

Of critical importance here, only a sentencing court has jurisdiction over a § 2255 motion. 28 U.S.C. § 2255; Tripati, 843 F.2d at 11631. If the petition is construed as a motion under § 2255, only the District of Wyoming has jurisdiction. The Ninth Circuit has also held that because of the jurisdictional nature of the § 2255 inquiry, "a court must first determine whether a habeas petition is filed pursuant to § 2241 or § 2255 before proceeding to any other issue." Id.

In this case, petitioner is attempting to invalidate his conviction, which is initially, at least, a § 2255 matter. However, in a very conclusory fashion, petitioner asserts that his 2255 remedy is inadequate or ineffective to challenge his conviction, thereby invoking the savings clause provision of 28 U.S.C. § 2255(e). See ECF No. 1 at 4. "An application for a writ of habeas in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §

2

2255(e). In his habeas corpus application petitioner indicates that he did not file a direct appeal. ECF No. 1 at 2. However, he does not provide any information concerning whether he filed a motion collaterally attacking his conviction or sentence in the District of Wyoming.

The case law invoking the savings clause to provide relief for a conviction or sentence is very sparse. In Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006), the Ninth Circuit concluded that the savings clause applies "'when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim.'" Id. (internal quotation marks omitted); see also Harrison v. Ollison, 519 F.3d 952, 959 (9th Cir. 2008). In Stephens, jury instructions which became arguably errant after a Supreme Court decision were an insufficient basis for an actual innocence claim. Likewise, in Harrison, a clarifying decision by the Supreme Court, arguably favorable to petitioner in the sense that his conduct would not have implicated a federal crime, decided after petitioner had filed several previous § 2255 motions did not satisfy the procedural impediment hurdle because petitioner could have raised the claim regardless of the decision at issue. But see Alaimalo v. United States, 645 F.3d 1042 (9th Cir. 2011). Thus, the bar for demonstrating that petitioner has not had an "unobstructed procedural shot" at presenting his claim(s) for relief is exceedingly high.

While petitioner does allege in his habeas corpus petition that he is actually innocent, nowhere in the petition does he explain how he was denied an "unobstructed procedural shot" at presenting his current claim that there was no factual basis supporting his conspiracy conviction. ECF No. 1 at 4.

II.   Order to Show Cause

Accordingly, petitioner is ordered to show cause why this petition should not be dismissed for lack of jurisdiction. Within thirty days from the date of this order, petitioner is ordered to file a response to this court's order addressing whether the savings clause can be applied to allow petitioner to proceed within this court's jurisdiction pursuant to 28 U.S.C. § 2241. Petitioner is directed to provide information on any direct appeal or post-conviction motion for relief that he has filed in the district of conviction. Moreover, petitioner shall address how he is actually innocent of the conspiracy conviction as well as how he has been denied an unobstructed

procedural shot at presenting the claim raised in his § 2241 petition. See Stephens, 464 F.3d at 898. Respondent will not be served with, or directed to respond to, the pending petition until this court determines that it has jurisdiction over the instant habeas corpus application. See 28 U.S.C. § 2255(b) (describing the court's initial screening authority prior to service of the motion on the United States attorney).

Therefore, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 2) is granted;

2. Petitioner is directed to show cause, within thirty days from the date of this order, why this case should not be summarily dismissed due to lack of jurisdiction.

DATED: March 20, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE