UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MANUEL GLARIA-RAMIREZ, | No. 2:14-cv-00648-AC-P |
| Petitioner, | |
| v. | ORDER |
| MICHAEL BABCOCK, | |
| Respondent. | |

On March 10, 2014, petitioner, a federal prisoner proceeding pro se, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  ECF No. 1.  Petitioner consented to the jurisdiction of the undersigned for all further proceedings on March 21, 2014.  See ECF No. 7; see also 28 U.S.C. § 636(c).  Petitioner is challenging his 2012 federal conviction for conspiracy to possess with the intent to distribute methamphetamine and possession with the intent to distribute methamphetamine.  ECF No. 1 at 2.  These convictions were sustained in the District Court of the District of Wyoming.  Id.  Petitioner is currently confined at the Federal Correctional Institution in Herlong, California.  Accordingly, petitioner filed the instant 28 U.S.C. § 2241 petition in the district of his confinement rather than in the sentencing court.

I. Procedural History

A review of the District of Wyoming's electronic docket indicates that petitioner was sentenced on April 27, 2012 to 126 months imprisonment followed by 5 years of supervised

1

release following his guilty plea.[1]  See United States v. Painovich, et al., 2:11-cr-00236-SWS-4 (D. Wy. 2011) (available at https://ecf.wyd.uscourts.gov/cgi-bin/DktRpt.pl?96423525966721-L_1_0-1).  While petitioner did not file a direct appeal, he did file a 28 U.S.C. § 2255 motion in the sentencing court on October 29, 2012.  See ECF No. 206 in 2:11-cr-00236-SWS-4.  In this motion, petitioner challenged the effectiveness of his attorney for failing to object to the entry of judgment when there was no factual basis to find him guilty of conspiring to distribute methamphetamine and for failing to argue that the evidence was insufficient to show an agreement to possess the methamphetamine with the intent to distribute.  Id.  The district court denied petitioner's post-conviction motion on the merits on August 6, 2013.  ECF No. 223 in 2:11-cr-00236-SWS-4.  As relevant here, the sentencing court denied the § 2255 motion finding that there was a sufficient factual basis supporting the plea to both counts of the indictment based on two days of co-conspirator testimony prior to petitioner's guilty plea, his statements under oath during the plea colloquy, as well as additional information in the pre-sentence report.  Id.

In the present § 2241 application, petitioner raises the same claim for relief, albeit not framed in ineffective assistance of counsel terms.  Here petitioner contends directly that there was no factual basis supporting his guilty plea to the conspiracy charge because there was insufficient evidence of an agreement to distribute methamphetamine.  ECF No. 1 at 3.

II.     2241 Remedy versus 2255 Remedy

On March 21, 2014 this court issued an order to show cause explaining the difference between 28 U.S.C. § 2241 relief and a motion pursuant to 28 U.S.C. § 2255 and requiring petitioner to show cause why the instant § 2241 petition should not be summarily dismissed for lack of jurisdiction.  ECF No. 6.

"[I]n order to determine whether jurisdiction is proper, a court must first determine whether a habeas petition is filed pursuant to § 2241 or § 2225 before proceeding to any other issue."  See Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000).  Here, although petitioner

---

[1] This court takes judicial notice of the dockets of the District Court for the District of Wyoming. A court is permitted to take judicial notice of court records in another case, including court records available to the public through the PACER system via the internet.  See United States v. Howard, 381 F.3d 873, 876 n. 1 (9th Cir. 2004).

denominates the instant petition as one brought pursuant to § 2241, he is clearly attempting to challenge the legality of his conviction. Generally, a federal prisoner contesting the legality of his conviction or sentence must file a motion pursuant to 28 U.S.C. § 2255 in his sentencing court, which in this case would be the U.S. District Court for the District of Wyoming. See Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir.) ("In general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention."), cert. denied, 540 U.S. 1051 (2003); Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir. 2000) (same). However, § 2255 contains a "savings clause" or "escape hatch" that provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

Thus, a prisoner may invoke a court's jurisdiction under § 2241 if he can show that the remedy provided under § 2255 is "inadequate or ineffective" to test his incarceration. See Muth v. Fondren, 676 F.3d 815, 818 (9th Cir.), cert. denied, 133 S.Ct. 292 (2012); Alaimalo v. United States, 645 F.3d 1042, 1047 (9th Cir. 2011). This exception, however, is a narrow one. For example, § 2241 is not available to a petitioner simply because a court of appeals refuses to certify a second or successive petition under the provisions of § 2255. See Ivy, 328 F.3d at 1059. Rather, a petitioner may only proceed under § 2241 if he claims to be: "(1) factually innocent of the crime for which he has been convicted; and (2) has never had an 'unobstructed procedural shot' at presenting this claim." Id. at 1060; see also Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (remedies pursuant to § 2255 are not inadequate simply because the claim would be dismissed under § 2255 for procedural reasons), cert. denied, 528 U.S. 1178 (2000).

In determining whether petitioner had an "unobstructed procedural shot" to pursue any actual innocence claim, this court must consider "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claims after that first § 2255 motion."

1  Alaimalo, 645 F.3d at 1047 (quoting Harrison v. Ollison, 519 F.3d 952, 960 (9th Cir.), cert.
2  denied, 555 U.S. 911 (2008) (internal quotation marks omitted)).  The Ninth Circuit has made
3  clear that "it is not enough that the petitioner is presently barred from raising his claim of
4  innocence by motion under § 2255.  He must never have had the opportunity to raise it by
5  motion."  Ivy, 328 F.3d at 1060.

6  III.    Analysis

7          In the § 2241 application itself, petitioner states that his 2255 remedy is inadequate or
8  ineffective because he is actually innocent.  ECF No. 1 at 4.  In his response to the show cause
9  order, petitioner provides no additional information or explanation as to how he meets the actual
10 innocence standard or how he has been denied an unobstructed procedural shot at presenting this
11 claim for relief.

12         Petitioner's conclusory allegations are insufficient to state a colorable "escape hatch"
13 challenge.  A claim of legal innocence, such as petitioner makes here, does not equate with a
14 claim of actual innocence.  "'[A]ctual innocence' means factual innocence, not mere legal
15 insufficiency.'"  Bousley v. United States, 523 U.S. 614, 623-24 (1998) (citing Sawyer v.
16 Whitley, 505 U.S. 333, 339 (1992)); Smith v. Murray, 477 U.S. 527, 537 (1986) ("the miscarriage
17 of justice exception is concerned with actual as compared to legal innocence...").  Furthermore,
18 petitioner has been provided with an unobstructed procedural shot at presenting his claim.  He
19 simply failed to persuade the sentencing court that it was meritorious.  That does not render his §
20 2255 remedy inadequate or ineffective to test the legality of his conviction.  Accordingly, this
21 court lacks jurisdiction to consider petitioner's § 2241 petition.  The court will therefore dismiss it
22 without prejudice.

23 IV.     Discretion to Transfer the Petition

24         The United States District Court for the District of Wyoming, as sentencing court, has
25 jurisdiction to hear any § 2255 motion brought by petitioner.  However, the interests of justice
26 would not be served by transferring this action to that court in this case.  See 28 U.S.C. § 1631;
27 see also Hernandez, 204 F.3d 865, n.6 (28 U.S.C. § 1631 allows transfer of § 2255 motion to cure
28 want of jurisdiction).  As noted above, petitioner has already filed a § 2255 petition in the district

court for the District of Wyoming, which that court denied in 2013.  The District of Wyoming would accordingly lack jurisdiction to entertain this application because petitioner would first be required to obtain authorization from the Court of Appeals for the Ninth Circuit to file a "second or successive" § 2255 motion.  See 28 U.S.C. § 2255(h); see also, e.g., Wentzell v. Neven, 674 F.3d 1124, 1126 (9th Cir. 2012) ("A petitioner must obtain leave from the Court of Appeals in order to file a 'second or successive' habeas petition with the district court.").  Therefore, the court will not exercise its discretion to transfer the § 2241 petition in this case.

V.     Certificate Of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or a deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11, 28 U.S.C. foll. § 2254.  Even though the present petition is styled a § 2241 petition, it still requires a certificate of appealability in order to advance to the Ninth Circuit Court of Appeal because it is merely a disguised § 2255 motion.  See Porter v. Adams, 244 F.3d 1006, 1006-07 (9th Cir. 2001) (finding that where "it is apparent from the face" of the § 2241 petition that the petitioner "raises previously unsuccessful claims attacking only the legality of his conviction and not the execution of his sentence," the petitioner is required to obtain a COA in order to appeal).

Where, as here, the petition was dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show:  (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'"  Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue.  Fed. R. App. P. 22(b).  For the reasons set forth herein, petitioner has not made a substantial showing that jurists of reason would find this court's procedural ruling

////

////

debatable. Therefore, no certificate of appealability will issue.

Accordingly, IT IS HEREBY ORDERED that:

1. The petition for writ of habeas corpus (ECF No. 1) is dismissed without prejudice;

2. This court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

DATED: May 20, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE